BOWERS *v.* MITCHELL.

Opinion delivered April 13, 1925.

1. MORTGAGES—ABSOLUTE DEED AS MORTGAGE—REDEMPTION.—Where a husband and wife, as tenants by entireties, executed a deed, absolute in form but intended as a mortgage, to another, and such grantee reconveyed it as a gift to the wife, with no intention of extinguishing the debt, the husband, upon the wife's death, was entitled to redeem from the mortgage by paying the mortgage debt.

2. MORTGAGES—REDEMPTION—PARTIES.—Where a husband and wife, as tenants by the entireties, executed an absolute deed to land as security for a debt, and the grantee reconveyed the land to the wife as a gift and not intending to extinguish the debt, and, upon the wife's death, her heirs conveyed the land to a third person, the husband is entitled to redeem the land from the latter by paying to him the balance of the debt.

Appeal from Arkansas Chancery Court, Southern District; *John M. Elliott,* Chancellor; affirmed.

*Botts & O'Daniel,* for appellant.

*Gibson & Burnett* and *John W. Moncrief,* for appellee.

McCULLOCH, C. J. Appellant instituted this action seeking to have a deed in absolute form, executed by himself and his wife, Maude M. Bowers, to the latter's brother, Z. C. Mitchell, declared to be a mortgage. The property in controversy, which was conveyed by the deed referred to, is a lot in the town of DeWitt, and appellant and his wife, Maude M. Bowers, held title to the lot under a deed which conveyed it to them as tenants by the entireties with the right of survivorship. Appellant and his wife built a house on the lot and occupied it as their home. Before they completed the building they executed the deed in question to Z. C. Mitchell, on March 4, 1911, for the expressed consideration of $400. It is undisputed that appellant and his wife received this sum from Mitchell and used it, together with other funds, in completing the building and other improvements on the lot. It is contended, however, by appellant that the deed was intended as a mortgage and not as an absolute

conveyance. Mitchell reconveyed the lot to Mrs. Bowers by deed executed in May, 1916, and Mrs. Bowers died about two years later. Appellant testified that he never ascertained that the deed was made to his wife alone until after the latter's death. They left no children, and the estate of Mrs. Bowers fell to her mother and collateral heirs, subject to appellant's curtesy rights. That, at least, is the effect, if the conveyance to Mitchell was intended as an absolute deed instead of a mortgage, but it is contended by appellant that he is entitled to treat the property as being held by him and his wife as tenants by entireties, notwithstanding the fact that the legal title was reconveyed by Mitchell to Mrs. Bowers. Appellant and his wife continued to occupy the premises up to the time of the latter's death, and appellant has continued to occupy the property since his wife's death.

After the death of Mrs. Bowers, appellee, P. H. Snarr, purchased the property from Mrs. Bowers' mother and collateral heirs, paying the sum of $1,200 therefor. Appellant alleges that he repaid the debt to Mitchell prior to the reconveyance by the latter to Mrs. Bowers; that he gave directions for Mitchell to make the deed of reconveyance to him and his wife so that they could hold it as theretofore as tenants by the entireties, but that the deed was executed to Mrs. Bowers in disregard of his instructions.

Appellant's testimony tends to establish his contention, not only with respect to the deed being a mortgage, but also to the effect that he had paid the debt in full and had also paid the taxes on the property.

Appellees denied that the deed was intended to be a mortgage or that the debt had been paid. Mitchell claimed that he bought the property from appellant and his wife for the sum of $400 in consideration for the conveyance, that there was no loan of money, and that the amount had not been repaid to him. He testified that his reconveyance of the property to Mrs. Bowers, who was his sister, was made solely as a gift to her, with

the distinct agreement and understanding that appellant was not to share in the benefits of the reconveyance.

The testimony was conflicting, and, on the final hearing, the chancellor found that the deed to Mitchell was intended as a mortgage, but that only the sum of $100 had been paid to Mitchell on the debt, and there was a decree in favor of appellee Snarr declaring a lien in his favor for the amount of the balance of the debt, with interest. Both parties have appealed.

We are of the opinion that the testimony supports the trial court in all of its findings of fact. Without narrating all the facts and circumstances in detail, it is sufficient to say that the deed to Mitchell was intended as a mortgage to secure a loan of $400. Much of the testimony adduced by appellant in support of his contention that he had repaid the debt in full is hearsay and therefore incompetent, but, when the legal testimony is considered, we cannot say that the finding of the chancellor that only $100 was paid on the debt is against the preponderance of the evidence.

It is further contended by counsel for appellant that the reconveyance by Mitchell to Mrs. Bowers operated as an extinguishment of the mortgage debt, and that the deed should be declared to be a mortgage fully satisfied, and that appellant should be restored to his original rights as tenant by the entirety, with right of survivorship to the whole estate upon the death of his wife. Counsel rely on the general proposition stated by the authorities that a reconveyance in fee of mortgaged property by the mortgagee to the mortgagor extinguishes the lien of the mortgage and operates as a discharge of the debt. 47 Cyc. 1405. The statement of the general rule is undoubtedly sound, but it is not without its exceptions and limitations. A reconveyance to one of the mortgagors is not necessarily an extinguishment of the mortgage debt, and, in the present case, the evidence shows that there was no intention to extinguish the debt, but that the deed was made solely as a gift to Mrs. Bowers. The original deed operated *prima facie* as an absolute transmission of the

title in fee simple from appellant and his wife to Mitchell and from the latter to appellant's wife. Notwithstanding the fact that the deeds show an absolute conveyance of the title, appellant, as one of the mortgagors, is permitted, under settled principles of equity, to show that the conveyance absolute in form was actually intended as a mortgage. But, in order to avail himself of the benefit of these principles, he is required to do equity by restoring the consideration for which the deed was executed. *Bryan* v. *Hobbs*, 72 Ark. 635.

Appellee Snarr, under his chain of conveyances from Mitchell, succeeded to all the rights of the latter as the original mortgagee, and the trial court, as a court of equity, properly required appellant to pay the original mortgage debt as a condition upon which he could obtain a redemption from the mortgage. The effect would have been the same if the deed had been a mortgage deed in form as well as in fact and the debt had been transferred from Mitchell to Mrs. Bowers. This would not have operated as an extinguishment of the debt, and, in order to secure redemption, appellant would have had to pay the mortgage debt; therefore, in order to secure a decree declaring the absolute deed to be a mortgage, he must pay the debt.

We find that the decree was correct, and the same is, upon both appeals, affirmed. It is so ordered.